UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRED LEE DAVENPORT,

        Petitioner,

v.                                          Case No. 24-cv-881-pp

LARRY FUCHS,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING *HABEAS* PETITION (DKT. NO.1) AND DIRECTING PETITIONER TO RESPOND**

---

On July 15, 2024, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2020 conviction in Milwaukee County Circuit Court for first degree reckless homicide. Dkt. No. 1. He has asked for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order grants the motion to proceed without prepaying the filing fee and screens the petition under Rule 4 of the Rules Governing §2254 Cases.

**I.    Background**

The petition refers to State v. Davenport, Milwaukee County Circuit Court Case No. 2019CF002866 (available at https://wcca.wicourts.gov/). The docket in that case shows that on February 3, 2020, the petitioner pled guilty to first-degree reckless homicide. Moore, Case No. 2019CF002866. Shortly thereafter, the petitioner's counsel moved to withdraw. Id. The court granted that motion and appointed a public defender. Id. The petitioner then filed a

1

motion to withdraw his guilty plea, which the court denied. Id. The state-court judge sentenced the petitioner to thirty-five years of initial confinement and fifteen years of extended supervision, for a total of fifty years of incarceration. Id. The court entered a judgment of conviction on October 13, 2020. Id.

On April 1, 2021, the petitioner filed a postconviction motion to withdraw his guilty plea, which the court denied the next day. Id. The petitioner appealed both his conviction and the denial of his postconviction motion, and the Wisconsin Court of Appeals summarily affirmed both. Id. On December 29, 2022, the Wisconsin Supreme Court denied the petitioner's petition for review. Id. On September 11, 2023, the petitioner then filed a state-court motion for *habeas corpus*, which was denied by the Wisconsin Supreme Court both on initial hearing and on petition for review. Id. The petitioner filed his federal *habeas* petition on July 15, 2024. Dkt. No. 1.

## II. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

There is a $5 filing fee for filing a habeas petition. 28 U.S.C. §1914(a). The petitioner asks the court to allow him to proceed without prepaying that fee. Dkt. No. 2. His request states that the petitioner has no assets—no bank account, no retirement account, no investments, no real estate and no valuable other assets. Id. at 2. The petitioner's trust account statement shows that as of July 30, 2024, he had an end balance of $0.00. Dkt. No. 5. Because the petitioner did not have sufficient funds in his prison trust account to cover the $5 filing fee at the time he filed the petition and appears to have no means to

2

Case 2:24-cv-00881-PP    Filed 01/17/25    Page 2 of 10    Document 7

pay the filing fee in the future, the court will grant the petitioner's motion to proceed without prepaying the filing fee.

### III. Rule 4 Screening

   A. <u>Standard</u>

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one

3

year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.   The Petition

The petition raises four grounds for relief: (1) trial counsel provided ineffective assistance by failing to appropriately prepare for trial and "lying" on the record; (2) law enforcement violated the petitioner's Miranda rights during his arrest by questioning him after he invoked his rights; (3) appellate counsel provided ineffective assistance by "wrongfully depict[ing]" the record on appeal and failing to obtain certain evidence regarding the petitioner's post-arrest interview; and (4) the trial court erred by failing to allow the petitioner to withdraw his guilty plea. Dkt. No. 1 at 5–11.

It is not clear whether the petitioner's fourth claim—that the trial court erred in failing to allow him to withdraw his guilty plea—is cognizable on *habeas* review. The petitioner says:

> I took a plea at the day of my 90 day speedy trial because my attorneys said they wasn't ready and told me they were going to "wing it." They the witness Vashon Bonds recanted once my P.I. spoke with him which showed even more reason to go to trial. I believe I showed a manifest of injustice before sentencing.

Dkt. No. 1 at 10. On the one hand, the petitioner may be asserting that his trial counsel was ineffective, which forced him to enter an involuntary guilty plea. Or perhaps he is asserting just that—that his guilty plea was not knowing and voluntary. On the other hand, the petitioner's mention of "manifest . . . injustice" implies that he is asserting that the state court did not correctly follow the Wisconsin standard for allowing a defendant to withdraw a guilty plea after sentencing; that standard requires the defendant to "establish that plea withdrawal is necessary to correct a manifest injustice, such as a plea that was not knowing, intelligent, and voluntary." State v. Flood, Case No. 2018AP2093-CRNM, 2020 WL 13348934 (Wis. Ct. App. Jan. 29, 2020). If the petitioner meant to assert an ineffective-assistance-of-counsel claim or a claim that his plea was not voluntary, such a claim may be cognizable on federal *habeas* review. See Avila v. Richardson, 751 F.3d 534, 536 (7th Cir. 2014) ("a habeas petitioner 'can challenge the validity of his guilty plea by demonstrating that he received ineffective assistance from counsel during the plea process.'") But if the petitioner is asserting that the trial court did not follow the state-law manifest injustice standard, his claim is not cognizable on federal *habeas*

5

review because "[a] federal court examining a habeas corpus petition does not have jurisdiction to interpret whether the state courts correctly applied state law." Hendrix v. McCaughtrey, 14 F. Supp. 2d 1085, 1086 (E.D. Wis. 1998) (citations omitted). Because the court cannot determine, at this early stage, whether the petitioner is asserting a claim cognizable on federal *habeas* review, it will allow him to proceed on his fourth claim (without barring the respondent from later challenging whether the claim is cognizable).

The petitioner's first three claims are generally cognizable on federal *habeas* review. See Cook v. Foster, 948 F.3d 896 (7th Cir. 2020) (ineffective assistance of trial counsel); Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009) (ineffective assistance of appellate counsel); Jackson v. Frank, 348 F.3d 658 (7th Cir. 2003) (voluntariness of Miranda waiver). But the petitioner has not exhausted his second claim—the ineffective assistance of appellate counsel claim. The petitioner admits that he has not filed any post-conviction motions regarding that claim. Dkt. No. 1 at 9–10.

A petitioner is required to exhaust his claims by presenting them to the state court prior to proceeding to *habeas* review. Woodford v. Ngo, 548 U.S. 81, 92 (2006). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If the petitioner wishes to challenge his

6

appellate counsel's performance, he first must raise that claim to the state court for a full round of appellate review.

A federal court "may not adjudicate mixed petitions for *habeas corpus*, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)). In Lundy, the Supreme Court required district courts to dismiss "mixed petitions" without prejudice and allow the petitioners to return to state court and exhaust the unexhausted claims. Id. (citing Lundy, 455 U.S. at 522). About fifteen years later, however, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), which required an incarcerated person to file a federal *habeas* petition within one year of the date on which the state court judgment becomes final. Id. (citing 28 U.S.C. § 2244(d)). Recognizing that if a district court dismissed a "mixed petition" and required a petitioner to return to state court, the petitioner might be barred from returning to federal court by the AEDPA statute of limitation, the Supreme Court concluded that a district court could, if it chose to, stay the federal *habeas* case (rather than dismissing it) and allow the petitioner to return to state court without losing his ability to seek federal *habeas* review. Id. at 276 (citations omitted).

The Supreme Court has cautioned that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if a petitioner shows good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

7

Id. Finally, the Court has instructed district courts that they should not stay mixed petitions "indefinitely." Id. The Court held that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

Because the petitioner filed a mixed petition, the court could dismiss his entire petition without prejudice. If the court were to do that, however, it is likely that by the time the petitioner returned to state court and litigated his unexhausted claim to the highest level of the state court system, his one-year period for filing for federal *habeas* relief would have expired on his exhausted claims.

As stated above, courts may stay claims if dismissing the petition would jeopardize the petitioner's ability to later file a timely *habeas* petition. Rhines, 544 U.S. at 275. But the petitioner must establish good cause for staying his claims while he exhausts his state court remedies. Id. at 277. The petitioner has not provided the court with any information about why he did not present his ineffective assistance of appellate counsel claim to any state court for appeal or post-conviction review, so the court cannot determine whether he has "good cause" either for his failure to present his unexhausted claims to the state courts or for granting a stay under Rhines.

In this situation, courts usually will offer the petitioner a choice. The petitioner may decide to withdraw his unexhausted claims, after which the petition no longer would be mixed and the petitioner could proceed immediately with his exhausted claims in the federal *habeas* case. The

petitioner should be aware that by choosing this option, he could lose his opportunity to seek federal *habeas* review of his unexhausted claims. See Lundy, 455 U.S. at 520–21.

The second option is for the petitioner to ask the court to stay further proceedings on his federal petition and hold the federal case in abeyance while he exhausts his unexhausted claims in the state courts. After the state court proceedings—including appeals—have concluded, the petitioner could return to federal court. This second choice would preserve the petitioner's opportunity for federal review of all his claims, although it would result in some delay in the court's adjudication of his exhausted claims. If the petitioner chooses the second option, he must also show good cause for court to stay action on his petition. Rhines, 544 U.S. at 277.

If the petitioner does not select either the option of abandoning his unexhausted claims or the option of requesting a stay, the court will be forced to dismiss the petition entirely, because a federal court cannot rule on a petition that contains both exhausted and unexhausted claims.

### IV. Conclusion

For the reasons explained in this order, the court **ORDERS** that by the end of the day on **February 21, 2025**, the petitioner must file a written document with the court in which he states whether he chooses to withdraw his unexhausted claim and proceed with only on his first, third and fourth claims, or whether he chooses to request a stay and abeyance of this federal case so that he may attempt to exhaust his unexhausted claims in state court.

9

The court **ORDERS** that the petitioner must file this document in time for the court to *receive it* by the end of the day on February 21, 2025. If, by the end of the day on February 21, 2025, the court has not received from the petitioner a written document choosing one or the other of the options the court has described, the court will dismiss the petition without prejudice.

Dated in Milwaukee, Wisconsin this 17th day of January, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**