UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRED LEE DAVENPORT,

        Petitioner,

v.                                              Case No. 24-cv-881-pp

LARRY FUCHS,

        Respondent.

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 14), DENYING AS MOOT PETITIONER'S MOTION TO STAY AND FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL (DKT. NO. 16), DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS (DKT. NO. 17) AND DENYING AS MOOT RESPONDENT'S MOTION FOR EXTENSION OF TIME (DKT. NO. 19)**

On January 17, 2025, the court granted the petitioner's motion for leave to proceed without prepaying the filing fee and ordered him to file a written document advising the court whether he intended to withdraw his unexhausted ineffective assistance of appellate counsel claim or request a stay and abeyance. Dkt. No. 7 at 9. On January 28, 2025, the court received from the petitioner a letter stating that he had raised ineffective assistance of appellate counsel in a petition for writ of *habeas corpus* filed with the Wisconsin Supreme Court but that he would like to proceed only on his exhausted claims. Dkt. No. 8. The court explained in a February 12, 2025 order that it could not determine whether the petitioner had exhausted the ineffective assistance of appellate counsel claims, but that it nonetheless was requiring the respondent to answer all of the claims in the petition. Dkt. No. 9 at 2. In the same order, the court ordered that within forty-five days after the

1

respondent filed his answer, the petitioner must file a brief in support of his petition. Id. at 3.

On April 11, 2025, the respondent filed his answer along with the relevant portions of the state court record. Dkt. No. 12. On April 14, 2025, the court issued an order reminding the petitioner that his brief in support of his petition was due by the end of the day on May 26, 2025—specifically, that the petitioner must file the brief in time for the court to *receive* it by day's end on May 26, 2025. Dkt. No. 13.

On April 16, 2025, the court received from the petitioner a motion to appoint counsel. Dkt. No. 14. The court did not promptly rule on the motion to appoint counsel; on October 10, 2025, the court received from the petitioner a motion to stay the case while he seeks interlocutory relief from the Seventh Circuit regarding the court's failure to rule on his motion to appoint counsel. Dkt. No. 16. On October 1, 2025, the respondent filed a motion to dismiss under Rule 41(b) on the ground that the petitioner failed to file a brief in support of his petition and failed to request an extension of time to do so. Dkt. Nos. 17, 18 at 2. On October 20, 2025, the respondent filed a motion for an extension of time to respond to the petitioner's motion to stay. Dkt. No. 19. This order addresses all the pending motions.

**I.     Petitioner's Motion to Appoint Counsel (Dkt. No. 14)**

   A.     Petitioner's Arguments

The petitioner asks the court to appoint counsel under 18 U.S.C. §3006A because he is "financially eligible" and "requires adequate counsel if he wishes compete with the AG's experience and resources." Dkt. No. 14 at 1. He argues that responding on his own would require "unfathomable extensions" and would exceed his $100 annual legal loan limit. Id. at 1. He further argues that

2

Case 2:24-cv-00881-PP    Filed 10/21/25    Page 2 of 8    Document 20

using outside entities to track down and contact witnesses could result in "witness tampering allegations." Id.

B.  Legal Standard

A *habeas corpus* petition is a civil case. In a civil case there is no statutory or constitutional right to court-appointed counsel. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). The Seventh Circuit Court of Appeals has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. § 3006A(a)(2)(B)). But "deciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the petitioner "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021); see also Devroy v. Boughton, Case No. 22-cv-727-pp, 2023 WL 4059112, at *4 (E.D. Wis. June 19, 2023) ("The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own."). To demonstrate that he has tried to find counsel on his own, the petitioner must show he contacted at least three

3

lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the petitioner attempted to contact the lawyer; and (4) the lawyers' responses.

If the petitioner demonstrates that he tried to find a lawyer on his own, the court then must determine "whether the difficulty of the case—factually and legally—exceeds the [petitioner's] capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id

The interests of justice do not require the court to appoint counsel for the petitioner at this time. Most incarcerated persons who file lawsuits or *habeas* petitions ask for lawyers. Most of them do not have the money to hire lawyers, do not have legal education or familiarity with the law and do not have sufficient access to legal resources. But the court does not have the resources to appoint lawyers for all incarcerated persons; it must rely on volunteer lawyers. Requests for an attorney far outnumber the number of volunteers. As a result, the court appoints counsel only in those cases where a plaintiff is not able to express himself and where the litigation has reached a point that a lay person could not handle it on his own.

The petitioner has not demonstrated that he has tried to find counsel on his own, despite having been told by this court in other cases that this is a necessary first step. Davenport v. Skuowaty, *et al.*, Case 23-cv-1694-pp, Dkt. No. 28 at 4. Nor does it appear that the petitioner cannot handle this litigation on his own. It seems that the petitioner drafted his petition himself; it is legible and understandable. Dkt. No. 1. As the court mentioned, he also has filed a

document explaining that he believes he has exhausted his ineffective assistance of appellate counsel claim but is electing to proceed on his exhausted claims. Dkt. No. 8. He has filed other letters and motions and in each has communicated his claims to the court in an understandable way. The court will deny his motion to appoint counsel without prejudice; if in future the case becomes too complicated for the petitioner to handle on his own, the petitioner may renew his motion. But if he does renew his motion, before the court will attempt to recruit an attorney for him the petitioner must demonstrate that he has made attempts to secure counsel and must show why he is one of those litigants most in need of assistance to litigate his case adequately.

## II. Petitioner's Motion to Stay and File an Interlocutory Appeal (Dkt. No. 16)

On October 1, 2025, the court received from the petitioner a "motion to stay and leave to file interlocutory appeal." Dkt. No. 16. The petitioner says that he wants to seek relief from the Seventh Circuit and that the motion should not be construed as anything other than what he has labeled it. Id. at 1. He says that in his motion, he "asserted his right to counsel pursuant to 18 U.S.C.A. §3006A," and says that the court has allowed him to proceed *in forma pauperis*. Id. He asserts that the court's delay in ruling on the motion to appoint counsel has "caused a constitutional infringement by not being mindful of its own order disregarding deadlines delaying petitioner's federal habeas relief." Id.

The court will deny the petitioner's motion. As the court has explained, the petitioner does not have a "right to counsel" in a *habeas* case. The court has the *discretion* to appoint counsel in a *habeas* case, but it is not required to do so. The court has ruled that the petitioner has not demonstrated that he

5

tried to find counsel on his own or that he cannot handle the litigation himself. Because the court now has denied the motion to appoint counsel, the petitioner's request that the court stay proceedings so that he can appeal the court's failure to rule on the motion to the Seventh Circuit is moot and the court will deny it as such.

### III. Respondent's Motion to Dismiss (Dkt. No. 17)

The same day that the court received the petitioner's motion to stay, the respondent filed a motion to dismiss under Fed. Rule Civ. P. 41(b) because the petitioner failed to file his brief in support of his petition by the deadline set by the court and has not sought an extension of time to do so. Dkt. No. 17. Rule 41 of the Federal Rules of Civil Procedure authorizes a defendant to file a motion to dismiss when the plaintiff fails to prosecute his case or to comply with the rules or an order of the court. Fed. R. Civ. P. 41(b). This court's Local Rules allow the court to dismiss a case with or without prejudice whenever it appears that the plaintiff is not diligently prosecuting it. Civil Local Rule 41(c) (E.D. Wis.). "Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011) (quoting Gabriel v. Hamlin, 514 F.3d 734, 736 (7th Cir. 2008)).

The court will deny without prejudice the respondent's motion to dismiss. Although the petitioner did not comply with the court's order requiring him to file a brief in support of his petition in time for the court to receive it by May 26, 2025, he *did* file a motion to appoint counsel; the court received that motion on April 16, 2025 and since then, the petitioner has been waiting for the court to rule. When he did not receive a prompt ruling, the petitioner filed a

6

motion asking the court to stay the proceedings so that he could ask the Seventh Circuit to prompt a ruling from this court. This is not a case where there is a clear record of the petitioner trying to delay proceedings—quite the opposite, he is frustrated that proceedings are taking so long—or contumacious conduct by the plaintiff. Nor is this a case where the petitioner has frequently failed to comply with the court's deadlines. Dismissal is not appropriate.

The court is going to give the petitioner a final opportunity to file a brief in support of his petition and will set a deadline below. The brief does not have to be long or complicated. Although the petitioner may cite case law or statutes, he is not required to do so. What he should do in the brief is to explain, in more detail than he provided in his petition, why he thinks he is entitled to *habeas* relief. He can provide more factual details about why he believes his trial lawyers were ineffective, why he believes his Fifth and Sixth Amendment rights were violated, why he believes his appellate lawyer was ineffective and why he believes the court committed error when it did not allow him to withdraw his guilty plea.

### IV. Respondent's Motion for Extension of Time to File Response to Petitioner's Motion to Stay (Dkt. No. 19)

On October 20, 2025, the respondent filed a motion for an extension of time to respond to the petitioner's motion to stay. Dkt. No. 19. Because the court is denying the petitioner's motion to stay, it will deny as moot the respondent's motion for an extension of time to respond.

### V. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for appointment of counsel. Dkt. No. 14.

The court **DENIES AS MOOT** the petitioner's motion to stay and for leave to file an interlocutory appeal. Dkt. No. 16.

7

Case 2:24-cv-00881-PP    Filed 10/21/25    Page 7 of 8    Document 20

The court **DENIES WITHOUT PREJUDICE** the respondent's motion to dismiss. Dkt. No. 17.

The court **DENIES AS MOOT** the respondent's motion for an extension of time to respond to the petitioner's motion for stay. Dkt. No. 19

The court **ORDERS** that by the end of the day on **December 5, 2025**, the petitioner must file a brief in support of his petition. The petitioner must put his brief in the institutional mail system in time for the court to *receive* it by the end of the day on December 5, 2025. If the petitioner needs more time to prepare his brief, he may file a motion asking the court to extend the December 5, 2025 deadline, but he must file that motion in time for the court to *receive it before* the December 5, 2025 deadline. If, by the end of the day on December 5, 2025, the court does not receive either a brief in support of the petition or a motion asking for more time to file a brief, the court will decide whether to grant the petition without further input from the petitioner.

If the court receives the petitioner's brief by day's end on December 5, 2025, the respondent may file a brief in opposition within forty-five days after the petitioner files his initial brief. If the petitioner chooses to file a reply brief, he has thirty days from the date on which he receives the respondent's opposition brief by which to do so.

Dated in Milwaukee, Wisconsin this 21st day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**