UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRED LEE DAVENPORT,

    Petitioner,

v.

    Case No. 24-cv-881-pp

LARRY FUCHS,

    Respondent.

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL AND STAY COURT PROCEEDINGS (DKT. NO. 21), ORDERING RESPONDENT TO RE-SEND ANSWER AND EXHIBITS TO PETITIONER, SETTING DEADLINE FOR PETITIONER TO FILE BRIEF IN SUPPORT AND DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE FEDERAL *HABEAS* RELIEF (DKT. NO. 24)**

On October 21, 2025, the court denied without prejudice the petitioner's motion for appointment of counsel and denied as moot his motion to stay and for leave to file an interlocutory appeal. Dkt. No. 20. At the same time, the court denied without prejudice the respondent's motion to dismiss and ordered the petitioner to file a brief in support of his petition by the end of the day on December 5, 2025. Id.

## I. Petitioner's Motion to Appoint Counsel (Dkt. No. 21)

On November 17, 2025, the court received from the petitioner a second motion to appoint counsel and to stay all proceedings, which argued that (1) he has contacted three law firms and they have failed to respond, (2) his "POA" has attempted to locate counsel "to no avail," (3) he remains indigent, (4) he

1

lacks confidence in his litigation skills, and (5) he does not have the "states [sic] filings from April" because "USPS damaged the package that contained those filings." Dkt. No. 21. (By the state's filings from April, the court assumes the petitioner is referring to the answer and supporting documents filed by the respondent on April 11, 2025 (Dkt. No. 12)). The petitioner says that if the court denies this second motion to appoint counsel, he "would require discovery and any additional filings" in order to properly respond. Id. Although his motion remained pending, the petitioner filed what he titled a "reply brief," reiterating that he had not received a response about the damaged or missing items and stating that the brief was filed "under duress." Dkt. No. 23 at 1. He also filed a motion to expedite federal *habeas* relief, reiterating his need for "documents pivotal to the findings in this case." Dkt. No. 24.

When denying without prejudice the petitioner's first motion to appoint counsel, the court explained to the petitioner that the evaluation of such a motion is a two-step process. Dkt. No. 20 at 3 (citing Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019)). First, the court determines whether the petitioner "made a reasonable attempt to secure counsel on his own" by telling the court what lawyers he tried to contact and providing the court with (1) their names; (2) their addresses; (3) how and when the petitioner attempted to contact them; and (4) the lawyers' responses. Id. at 4. Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the [petitioner's] capacity as a lay person to coherently present it." Id. (citing Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007)).

The petitioner's second motion to appoint counsel and stay proceedings does not provide the court with addresses of any lawyers he attempted to contact or an explanation of how or when he attempted to contact them. Dkt. No. 21. And at this time the case does not appear to be so difficult that the petitioner, as a lay person, may not adequately present it. The petitioner drafted a fifteen-page petition, dkt. no. 1, the court screened that petition and allowed him to proceed on the grounds he raised, dkt. no. 9. He also filed his original motion to appoint counsel, dkt. no. 14, and a motion for stay and leave to file an interlocutory appeal, dkt. no. 16, both of which were legible and understandable. The respondent has filed an answer, along with supporting documents, and the next step is for the petitioner to file a brief in support of his petition. In that brief, the petitioner has the opportunity to explain why he believes that the court should rule in his favor on the grounds he identified in his petition.

The petitioner represents to the court that he does not have the respondent's April filings, but he also states that the postal service damaged the package that contained the filings. Dkt. No. 21 at 1. It is not clear to the court exactly what documents the petitioner may have and what shape those documents are in; out of an abundance of caution, the court will order the respondent to re-send his answer and supporting documentation to the petitioner. Although the petitioner has filed a "reply brief," the next step after he receives the documents from the respondent is for him to file a brief in support of his petition.

## II. Petitioner's Motion to Expedite Federal *Habeas* Relief (Dkt. No. 24)

On December 10, 2025, the petitioner filed a motion to expedite federal *habeas* relief. Dkt. No. 24. The petitioner says that any deficiency in his recently-filed reply brief is the result of the respondent's "misconduct." Dkt. No. 24 at 2. He continues to express frustration that he does not have the documents that are "pivotal to the findings in this case" and emphasizes that the postal service has taken responsibility for damaging the package from the respondent. Id. at 1. The court has addressed that issue above, and will deny as moot the petitioner's motion to expedite. The case is progressing as it should under the Rules Governing Section 2254 Cases.

## III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's second motion to appoint counsel. Dkt. No. 21.

The court **ORDERS** that by the end of the day on **January 5, 2026**, the respondent must send to the petitioner copies of the respondent's April 11, 2025 answer and attached exhibits (Dkt. Nos. 12 through 12-20).

The court **ORDERS** that the petitioner must file a brief in support of his petition in order for the court to *receive it* by the end of the day on **February 20, 2026**. If the court does not receive the plaintiff's brief by the end of the day on February 20, 2026, the court will review the petition without further input from the petitioner. The respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition. The petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he so chooses.

4

The court **DENIES** as moot petitioner's motion to expedite federal *habeas* relief. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 16th day of December, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**